**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-50285
Summary Calendar

JON JANUSZ JANAS,

Plaintiff-Appellee,

VERSUS

WESLEY DOSS, ET AL.

Defendants,

WESLEY DOSS,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(A-95-CV-445)
October 31, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Appellant Wesley Doss appeals the district court's refusal to grant his motion for summary judgment, alleging he is exempt from suit under the doctrines of qualified and official immunity. We dismiss the appeal for lack of appellate jurisdiction.

Appellant Doss, an officer with the Manor Police Department, stopped Appellee Jon Janas for running a stop sign. Janas alleged

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

that after he refused to give Officer Doss his social security number, Doss grabbed him by the neck, tried to remove him from his car, and sprayed him in the face with mace. When Janas then stumbled from his car, Doss threw him to the ground.

Janas originally sued several parties, including Doss, the Manor Police Chief, and the City of Manor. The Defendants moved for summary judgment, which was granted as to all parties on all claims except for the following claims against Officer Doss: claims under 42 U.S.C. § 1983 for unlawful arrest; the use of excessive force in violation of the Fourth Amendment; and state law claims for false arrest, false imprisonment, assault and battery, malicious prosecution, negligence and gross negligence.

Doss alleges the district court wrongfully denied his motion for summary judgment on the § 1983 claim for unlawful arrest because he is entitled to qualified immunity. Qualified immunity attaches to the acts of public officials unless they violate clearly established rights of which a reasonable official would have known. Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995). The district court correctly stated that while qualified immunity is a question of law for the court to decide, it could not at that time make a determination on the defense because of a dispute in the facts over when and why Doss arrested Janas.

A defendant entitled to invoke a qualified immunity defense may not appeal a district court's denial of summary judgment if it determines only a question of "evidence sufficiency," or what facts

2

a party will be able to prove at trial.  <u>Johnson v. Jones</u>, 115 S.Ct. 2151, 2156 (1995).  The district court's decision is not a final order under 28 U.S.C. § 1291.  <u>Id.</u>  We therefore lack appellate jurisdiction over this portion of Doss' appeal.

Doss' next argument is that his actions were protected by official immunity, so that Plaintiff's state law claims should have been dismissed.  For a government employee to be immune to suit under official immunity, the employee must have performed (1) discretionary duties (2) in good faith (3) within the scope of that employee's authority.  <u>City of Lancaster v. Chambers</u>, 883 S.W.2d 650, 653 (Tex. 1994).

The district court again found that while whether official immunity attaches is a matter of law, it could not rule on the good faith aspects of the defense presented by Doss until the jury resolved the fact issues surrounding the arrest.  Since the district court determined questions of fact precluded summary judgment, we lack jurisdiction over the denial of summary judgment on Doss' official immunity defense.  <u>Tamez v. City of San Marcos, Tex.</u>, 62 F.3d 123, 125 (5th Cir. 1995).

Appeal DISMISSED.